FILED
2021 SEP 16 PM 2:35
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MELISSA A., <br>     Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI <br> Commissioner of Social Security, <br>     Defendant. | Case No. 1:20-cv-00041-CMR <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> Magistrate Judge Cecilia M. Romero |

  Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on September 1, 2021 (ECF 30), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and legally sound and is, therefore, AFFIRMED.

## I. STANDARD OF REVIEW

  The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* (quotations and citations omitted). Under this deferential standard, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

## II. BACKGROUND

Plaintiff applied for benefits in May 2016 (Administrative Transcript (Tr.) 279-80). She alleged that she became disabled in July 2016[1] due to, among other things, chronic fatigue syndrome, Postural Orthostatic Tachycardia Syndrome (POTS), orthostatic hypotension, and decreased memory and concentration (Tr. 121, 279, 293). She was 39 years old at the time she alleges she became disabled (Tr. 289).

After a hearing (Tr. 112-53), an administrative law judge (ALJ) issued a November 2018 decision finding that Plaintiff was not disabled (Tr. 90-110). The ALJ applied the five-step sequential evaluation for determining disability in adults (Tr. 90-110). 20 C.F.R. § 404.1520.[2] Here, at step two, the ALJ found that Plaintiff had the following severe impairments: chronic fatigue syndrome, orthostatic hypotension, parathesia, and recurrent rashes of indeterminate etiology (Tr. 95). *See* 20 C.F.R. § 404.1521. Between steps three and four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work (Tr. 97-98). At step five, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, thus Plaintiff was not disabled

---

[1] Plaintiff originally alleged she became disabled in September 2015, but later amended that onset date to July 2016 (Tr. 114).

[2] All references to the C.F.R. are to part 404 of the 2018 edition, which governs claims for DIB and was in effect at the time of the ALJ's decision.

under the strict standards of the Act (Tr. 103-04). The Appeals Council then denied Plaintiff's request for review (Tr. 5-9), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

### III. ANALYSIS

On appeal, Plaintiff alleges the ALJ erred as a matter of law by failing to assign more weight to treating physician Lucinda Bateman, M.D.,'s opinion, and by finding that she could sustain full-time work (ECF No. 22, Plaintiff's Brief (Pl. Br.) 7-13). Because the arguments are inherently intertwined, the court will address them together.

#### A. The ALJ appropriately weighed Dr. Bateman's opinion

"[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). The ALJ's assessment must be based on all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). Here, the ALJ reasonably considered the entire record, including the medical opinions, treatment notes, and Plaintiff's subjective complaints.

Dr. Bateman provided opinions in August and September 2016 (Tr. 952-53, 960-63). She opined, among other things, that Plaintiff could not perform even sedentary work, could not be subjected to the normal stress of a full-time workplace, would miss two days of work per week, and could not sit with her feet on the floor or walk for more than 20 to 30 minutes at a time (*see* Tr. 952-53, 960-63). The ALJ gave Dr. Bateman's opinions only partial weight because portions of them were clearly inconsistent with the record (Tr. 100-02). *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion"); *see also Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted treating physician opinion which was inconsistent with other medical evidence).

3

In a detailed discussion, the ALJ explained that, contrary to Dr. Bateman's opinion that Plaintiff could not have her feet on the floor for more than 20 to 30 minutes, she reported spending eight hours per day with her feet on the floor (sitting, standing, or walking) in November 2016, and seven hours per day in February 2017—with the ability to walk two- to five-thousand steps per day (Tr. 99; *see* Tr. 741).  The ALJ discussed that a November 2017 transthoracic echocardiogram revealed no significant abnormalities, showing an ejection fraction of 60- to 65-percent; normal valve structure; no arrhythmias; and normal heart rate response, blood pressure, exercise capacity, and recovery response (Tr. 99; *see* Tr. 914-15, 917).  This evidence was inconsistent with Dr. Bateman's statement that Plaintiff's POTS caused disabling symptoms (Tr. 952).  It was also inconsistent with Plaintiff's many reports of having a normal gait and no balance issues (Tr. 706, 710-11, 736 (denies balance issues), 798, 950).  *See* 20 C.F.R. § 404.1527(c)(4); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) (medical evidence may be discounted if it is internally inconsistent).

Regarding Plaintiff's chronic fatigue syndrome, the ALJ considered treatment notes that described Plaintiff as not "particularly drowsy" (Tr. 944).  And while Plaintiff sometimes presented as tired (Tr. 743), she was consistently alert, oriented, well-groomed, interactive, and sometimes reported no fatigue or weakness (Tr. 568, 684, 697, 706, 710, 711, 725, 727, 730, 736, 737, 743, 798, 930 (no substantial difficulty with word finding or cognitive slowing), 944, 950).  Plaintiff alleged that she was dizzy, but many treatment notes indicated she was in no acute distress, had intact balance, and at one appointment she complained of psoriasis but "otherwise fe[lt] well today" (Tr. 706 (grossly intact balance), 725).  Moreover, while Plaintiff sometimes complained of numbness, tingling, and skin rashes, other treatment notes

demonstrated intact sensation and resolved rash symptoms (Tr. 710 (rash almost resolved), 725, 736 (normal sensation, no dizziness), 922 (does not get dizzy)).

Other portions of Dr. Bateman's opinions were also inconsistent with the record. Dr. Bateman opined that Plaintiff could only use her arms for gross and fine manipulation for 10-percent of the workday (Tr. 962); however, treatment notes reflected that she displayed symmetric strength in her arms (Tr. 930). Plaintiff's activities were also inconsistent with this opined limitation—she reported she could perform light housework, prepare simple meals, and drive (Tr. 352-55). *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (ALJ reasonably discounted treating physician opinion that was inconsistent with the claimant's own statements about his activities).

Finally, Dr. Bateman concluded that Plaintiff could not "be subjected to the normal stress in a full-time workplace" due to mast cell activation syndrome, yet there was insufficient evidence in the record for mast cell activation to be considered a medically determinable impairment (Tr. 874, 950, 952, 958). Plaintiff does not challenge the ALJ's finding that mast cell activation was not a medically determinable impairment, but instead claims that this was an invalid reason to discount Dr. Bateman's opinion (Pl. Br. at 8-9). However, Plaintiff concedes that testing and a diagnosis of this condition were not definitive (*see* Pl. Br. at 9). *See* 20 C.F.R. § 404.1529(a) (symptoms will not be found to affect a claimant's work-related abilities unless they stem from a medically determinable impairment that could be expected to produce the alleged symptoms).

"The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. . . . The final responsibility for determining RFC rests with the Commissioner,

5

based upon all the evidence in the record, not only the relevant medical evidence." *Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) (unpublished). The ALJ is not required to "apply expressly" every relevant factor for weighing opinion evidence. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (recognizing that an ALJ is not required to "apply expressly" every relevant factor for weighing opinion evidence). Rather, he is required to consider all the evidence in the record and discuss the uncontroverted evidence he chose not to rely upon, and any significantly probative evidence he decides to reject. *See* 20 C.F.R. § 404.1545(a)(3) (RFC is assessed based on all of the relevant medical and other evidence in the record); *see also Wall v. Astrue,* 561 F.3d 1048, 1067 (10th Cir. 2009) (the Tenth Circuit will generally find the ALJ's decision adequate if it discusses the uncontroverted evidence the ALJ chooses not to rely upon and any significantly probative evidence the ALJ decides to reject).

      Here, contrary to Plaintiff's contention, the ALJ did not "pick and choose" the evidence. Instead, he considered the entire record and provided good reasons for the weight given to Dr. Bateman's opinion. The only question before this court, then, is whether the ALJ's stated reasons—that the record evidence did not support and was inconsistent with Dr. Bateman's extreme opinions—are supported by more than a mere scintilla of evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (holding "substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it requires more than a scintilla, but less than a preponderance). That threshold is "not high," and there is sufficient evidence in this case to meet that low threshold. *Biestek*, 139 S. Ct. at 1157.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 16 September 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah